**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RONNIE ALLEN BELLAMY, JR.,**

**Plaintiff,**

**v.** **CASE NO. 24-3102-JWL**

**ARAMARK CORPORATION, et al.,**

**Defendants.**

# MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 6) ("MOSC"). Before the Court is Plaintiff's Response to the MOSC (Doc. 7).

In the Complaint (Doc. 3), Plaintiff brings three claims. First, Plaintiff alleges that he has been "illegally imprisoned" for over 33 years because his sentence was vacated in 1991. *Id.* at 2. For his second claim, Plaintiff alleges that he was told by Defendant Garcia that he was hired for a minimum wage job with Aramark on February 9, 2024, and he worked for 8 days. *Id.* at 10. He was then removed from the job and never received pay for the 8 days he worked. He asserts that Defendant Williams and Defendant Zmuda do not allow any "mental health residents" to have private industry jobs. *Id.* at 12. Plaintiff alleges discrimination under "State of Kansas anti discriminatory laws." *Id.* Plaintiff's third claim is that he was convicted of a disciplinary violation

that he did not commit with a hearing he never had. *Id*. at 13. He states that he lost 6 months of good time credit and was fined $20. *Id*. Plaintiff asserts due process violations.

The MOSC (Doc. 6) found that Plaintiff had set forth three unrelated and misjoined claims in his Complaint. Under Fed. R. Civ. P. 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). The Court instructed Plaintiff that any amended complaint should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. (Doc. 6, at 6.)

The MOSC also found that each of the three claims was subject to dismissal for failure to state a claim upon which relief may be granted. First, the Court determined that the illegal imprisonment claim must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). In addition, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Furthermore, the MOSC found that Plaintiff had raised this claim in a prior action before this Court. *See Bellamy v. State of Kansas*, Case No. 23- 3051-JWL. In that case, among several other claims, Plaintiff claimed "he should be immediately released from prison and that he has

been illegally imprisoned based on vacated sentences." (Case No. 23-3051, Doc. 11, at 3.) The Court dismissed the claim, finding as follows:

> [T]o the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus; and before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).
>
> Therefore, to the extent Plaintiff continues to challenge his state conviction and sentence in his Second Amended Complaint, those claims must be brought pursuant to a petition for writ of habeas corpus. Because those claims are not properly brought in a § 1983 action, they are dismissed.

(Case No. 23-3051, Doc. 27, at 3-4.)

The MOSC found that "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed).

As for Plaintiff's claim regarding prison employment, the MOSC found the claim subject to dismissal because the Complaint based the claim on state law, which does not provide a basis for liability under § 1983, and because the Tenth Circuit has found that a prisoner does not have a constitutionally protected liberty interest in a prison job. (Doc. 6, at 8-9.)

Next, the MOSC found that Plaintiff's claim challenging a disciplinary conviction must be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 rather than a § 1983 action. (*Id.* at 9, citing *Abdulhaseeb v.* Ward, 173 F. App'x 658, 659 n.1 (10th Cir. 2006); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (petitions under §

2241 are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters).) In addition, Plaintiff could not recover damages based on a disciplinary conviction unless that conviction had already been invalidated. (*Id.* at 10, citing *Edwards v. Balisok*, 520 U.S. 641, 643, 648 (1997); *Heck*, 512 U.S. at 487).

Last, the MOSC found that the State of Kansas and the Wyandotte County Courts were not proper defendants to an action under § 1983. (*Id*. at 10-11.)

Plaintiff filed a Response to the MOSC. (Doc. 7.) In the Response, he does not address the misjoinder issue, and he has not filed an amended complaint. Plaintiff does not dispute that he previously raised his illegal imprisonment claim in a § 1983 action before this Court, nor that he was already informed that he should raise the claim in a habeas proceeding. He does argue that the *Heck* bar should not apply because his sentence was vacated 33 years ago, but he provides no documentation to support his assertion. *Id*. at 4. Plaintiff also does not address the MOSC's conclusion that his prison employment claim is not actionable under § 1983, nor does he assert that his disciplinary conviction has been invalidated. Instead, Plaintiff repeats the allegations made in the Complaint, mentions other unrelated allegations, and expresses his frustration.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**Dated October 11, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**