IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONNIE ALLEN BELLAMY, JR.,**

      **Plaintiff,**

      v.                                                        CASE NO. 24-3102-JWL

**ARAMARK CORPORATION,**
**et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On July 30, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC. Plaintiff filed a Response to the MOSC (Doc. 7), and the Court entered a Memorandum and Order dismissing this case on October 11, 2024. ("M&O," Doc. 8.) This matter is before the Court on Plaintiff's Motions for Reconsideration (Docs. 10 and 11) filed on October 15 and October 21, 2024. Because Plaintiff's motions were filed within 28 days after the entry of the order of dismissal, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204

F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id.* at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

In his motions for reconsideration, Plaintiff argues that he "has clearly and concisely stated a claim upon which relief may be sought and granted under federal jurisdiction." (Doc. 10, at 1.) He continues to argue about his prison employment claim (*id.* at 1-5), failing to address the reasons for dismissal of the claim as explained in the MOSC and the M&O. (*See* Doc. 6, at 8-9, and Doc. 8, at 4.) He argues that this Court has placed "undue illegal hardships" on him, in spite of the fact that he is "a certified by law Kansas statute and certification board mentally disabled due to repeated attacks." (Doc. 11, at 1.) He continues to argue that he has been imprisoned unjustly for over 33 years and states that he is a "repeat polygraph exam volunteer." *Id.* at 1, 3. He argues there is nothing frivolous or malicious about any of his claims, and he raises what appears to be a

new issue about Missouri "still holding an illegal timed out detainer notification only timed out by law." *Id.*

Plaintiff continues to ignore the bases for dismissal and rehash arguments he has already made in this case and in his previously filed case. He does not point to an intervening change in the law or to new evidence and has not demonstrated clear error or manifest injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). *See Servants of the Paraclete*, 204 F.3d at 1012.

In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its October 11, 2024 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions for Reconsideration (Docs. 10 and 11) are **denied.**

**IT IS SO ORDERED**.

**Dated October 31, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**