IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONNIE ALLEN BELLAMY, JR.,

       Plaintiff,

       v.                            CASE NO.  24-3102-JWL

ARAMARK CORPORATION,
et al.,

       Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  On July 30, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC.  Plaintiff filed a Response to the MOSC (Doc. 7), and the Court entered a Memorandum and Order dismissing this case on October 11, 2024.  (Doc. 8.)  Plaintiff then filed two motions for reconsideration (Docs. 10 and 11), which the Court denied for the reasons explained in a Memorandum and Order entered on October 31, 2024 ("M&O," Doc. 12).  This matter is now before the Court on two more motions for reconsideration (Doc. 14) and a motion to appoint counsel (Doc. 13) filed by Plaintiff.

Plaintiff's latest motions for reconsideration are virtually identical to the motions for reconsideration already denied by the Court.  Therefore, they are denied as duplicative.

1

Plaintiff's motion to appoint counsel is denied as well.  As Plaintiff acknowledges in his motion, there is no constitutional right to the appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court finds that Plaintiff has demonstrated the ability to present his claims, and he has not convinced the Court that there is sufficient merit to his claims to warrant the appointment of counsel, as indicated by the dismissal of his complaint.  Plaintiff may renew his request before the Tenth Circuit Court of Appeals.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions for Reconsideration (Doc. 14) are **denied** as duplicative.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 13) is **denied**.

**IT IS SO ORDERED**.

Dated November 5, 2024, in Kansas City, Kansas.

<u>S/  John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE